IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RSG INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 8:06CV507 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| SIDUMP'R TRAILER COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the motions to withdraw as counsel for the defendant Sidump'r Trailer Company, Inc. filed by Greenberg Traurig, L.L.P. (Filing No. 130) and Kutak Rock L.L.P. (Filing No. 131). No response was filed in this matter to either of these motions.

The plaintiffs initiated this suit stemming from an asset purchase transaction related to a business engaged in the manufacture, distribution and sale of dump trailers and accessories. **See** Filing No. 1 - Complaint; Filing No. 47 - First Amended Complaint. The plaintiffs assert claims related to a non-competition provision in the agreement, breach of contract, and for declaratory judgment. *Id.* The defendant alleges securities violations, deceptive trade practices, negligent and fraudulent misrepresentation, fraudulent concealment, fraudulent non-disclosure, breach of contract, and breach of fiduciary duty. **See** Filing No. 50. The defendant seeks recision of the agreements based on fraud and injunctive relief. *Id.*

The plaintiffs filed suit on July 24, 2006, and the parties began discovery in September, 2006. **See** Filing No. 1 - Complaint; Filing No. 14 - Initial Progression Order. On January 3, 2007, the parties notified the court they had reached a settlement, however the parties were not able to complete settlement. **See** Filing No. 25 - Notice of Settlement; Filing No. 32 - Notice of Settlement Failure. After several extensions, the deposition deadline is now set for March 16, 2009. **See** Filing No. 125. A jury trial is scheduled for June 15, 2009. *Id.*

On November 20, 2008, the District Court of Pierce County, Nebraska, entered an Order Appointing Receiver for the defendant.[1] The receiver hired legal counsel, Jon Blumenthal of Baird Holm law firm. Neither the receiver, nor Mr. Blumenthal has entered an appearance in this matter.

Counsel from Greenberg Traurig, L.L.P., Victor H. Polk, Jr. and Penelope Brobst Blackwell, state they seek to withdraw based on the defendant's failure to pay for legal services. **See** Filing No. 130. Counsel say the defendant owes them in excess of $295,000, and has filed an attorney's lien for the funds. **See** Filing No. 116 - Nov. 19, 2008 Notice of Lien. Similarly, counsel from Kutak Rock L.L.P., Bartholomew L. McLeay and Suzanne M. Shehan, indicate they are owed in excess of $28,000.00, for services as local counsel in this matter. **See** Filing No. 131. Kutak Rock L.L.P. has also filed a lien. **See** Filing No. 133 - Feb. 13, 2009 Notice of Lien.

Moving counsel state they have completed substantial work for the defendant without compensation, even after the lien was filed by Greenberg Traurig, L.L.P. Counsel fears the cost of taking this case to trial is in the hundreds of thousands of dollars. Moving counsel state they have attempted to resolve the outstanding fees with the receiver without success. Additionally, counsel informed the receiver they would seek to withdraw from this matter if no agreement was reached. Kutak Rock L.L.P. states the receiver has indicated no objection to the motion to withdraw. **See** Filing No. 131 p. 2 ¶ 6. Greenberg Traurig, L.L.P. notes that both the defendant and the receiver have indicated they do not consent to the withdrawal of Greenberg Traurig, L.L.P. as counsel. **See** Filing No. 130 - Motion p. 2 ¶ 6. Moving counsel served copies of the motions to withdraw on counsel for the receiver and the defendant's president.

Moving counsel contend good cause exists to allow withdrawal due to the defendant's failure to fulfill its obligation to pay fees. Additionally, moving counsel state they have provided notice to the defendant of their intention to withdraw as counsel in this matter absent payment of the fees due. Further, moving counsel argue they will sustain unreasonable financial burdens if required to continue representation through trial.

---

[1] Stemming from a case captioned ***Patriot Capital Funding, Inc. v. Sidump'r Trailer Company, Inc.***, Case No. CI-08-86. The Order Appointing Receiver was filed in this matter on November 24, 2008. **See** Filing No. 121.

The court finds the movants have shown good cause for leave to withdraw. Furthermore, the defendant, although served with the motions to withdraw, has not filed a timely objection to withdrawal. However, the court notes no substitute counsel has appeared in this matter for the defendant. "[A] corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993). The Eighth Circuit has held that "the law does not allow a corporation to proceed *pro se*." *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996); **see also** *United States v. Van Stelton*, 988 F.2d 70, 70 (8th Cir. 1993) (noting that a corporation may not appear *pro se*); *Carr Enters., Inc. v. United States*, 698 F.2d 952, 953 (8th Cir. 1983) (noting "[i]t is settled law that a corporation may be represented only by licensed counsel"). In fact, according to the Eighth Circuit, a corporation is technically in default as of the date its counsel is permitted to withdraw from the case without substitute counsel appearing. *Ackra Direct*, 86 F.3d at 857. Under the circumstances, the defendant shall have an opportunity to obtain substitute counsel prior to any further action against it in this matter. However, failure to have substitute counsel enter an appearance may result in an order striking the answer and claims of the defendant and entry of default. **See** Fed. R. Civ. P. 55. Upon consideration,

**IT IS ORDERED:**

1.  Greenberg Traurig, L.L.P.'s motion to withdraw (Filing No. 130) as counsel for the defendant Sidump'r Trailer Company, Inc. is granted.

2.  Kutak Rock L.L.P.'s motion to withdraw (Filing No. 131) as counsel for the defendant Sidump'r Trailer Company, Inc. is granted.

3.  The defendant shall have substitute counsel enter an appearance on its behalf **on or before March 23, 2009.** If the defendant fails to have substitute counsel enter an appearance by that date the court may strike the answer and claims of the defendant and enter default.

4.  Moving counsel shall immediately serve a copy of this order on the defendant and file a certificate of service therefore.

DATED this 2nd day of March, 2009.

BY THE COURT:<br>
 s/ Thomas D. Thalken<br>
United States Magistrate Judge