IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RSG, Inc., A South Dakota Corporation, R GROUP, Inc., An Iowa Corporation, and RANDALL S. GOLDEN, An Individual, | ) ) ) ) ) | |
| Plaintiffs/ Counterdefendants, | ) ) ) | 8:06CV507 |
| v. | ) ) ) | MEMORANDUM AND ORDER |
| SIDUMP'R TRAILER, Company, Inc., A Delaware Corporation, | ) ) ) | |
| Defendant/ Counterclaimant. | ) ) ) | |

This matter is before the court on defendant/counterclaimant Sidump'r Trailer Company Inc.'s motion for partial summary judgment, Filing No. 193, and Plaintiff/Counterdefendant Randall S. Golden's motion for summary judgment, Filing No. 196.[1] This is an action for declaratory relief, damages and equitable relief in connection with the purchase by defendant/counterclaimant Sidump'r Trailer Company Inc. ("Buyer") of a trailer business[2] from plaintiffs/counterdefendants RSG, Inc., R Group, Inc. and Randall Golden (hereinafter, collectively, "Seller").

---

[1]Also pending are the plaintiffs' motion for oral argument, Filing No. 197, and defendant's motion to strike plaintiffs' declarations, Filing No. 250. Those motions will be rendered moot by the resolution of the summary judgment motions and will be denied.

[2]Sidump'r trailer refers to a trailer that dumps its payload sideways rather than in the rear as is customary for dump trucks. The word "Sidump'r" is a trade name for Seller's trailers.

1

In the amended complaint, the Seller seeks a declaration that the Buyer's claim for indemnification is meritless (Claim 1).  Filing No. 47, First Amended Complaint at 3.  The Seller also seeks a declaration that the non-competition provision of the Asset Purchase Agreement is an unlawful restraint of trade and is invalid and unenforceable under Nebraska law and seeks an order enjoining enforcement of the provision (Claim 2). *Id.* at 5.  Further, the Seller alleges breach of the contract for the purchase in several particulars: failure to develop, manufacture and market a new product and the corresponding failure to provide royalty payments; failure to provide work space and equipment; and failure to deliver trailers  (Claims 3, 4 & 5).

The Buyer asserts several affirmative defenses and raises counterclaims alleging securities fraud (first claim), fraudulent misrepresentation (second claim), fraudulent concealment (third  claim), fraudulent nondisclosure under the  Restatement (Second) of Torts § 551 (fourth claim), negligent misrepresentation (fifth claim), recission - fraud (sixth claim), recission - alleged invalidity of non-compete agreement (seventh claim), breach of contract (eighth claim), anticipatory breach of contract (ninth claim) and breach of fiduciary duty (tenth claim).  Filing No. 123, Answer and Second Amended Counterclaim.

In its motion for partial summary judgment, the Buyer seeks a declaration that the covenant not to compete is enforceable and therefore the Seller's "restraint of trade" claim should be dismissed.[3]  The Seller moves for summary judgment on some or all of the

---

[3]In their brief in opposition to the Buyer's motion, the Seller alludes to entitlement to summary judgment in its favor, however, the Seller has not moved for summary judgment on the issue.  Neither the Seller's motion for summary judgment nor the 114-page brief in support of the motion discuss the noncompete clause.  *See* Filing Nos. 196, Motion; 206, Brief at 7 n.7.

counterclaims for fraud, misrepresentation, breach of contract, breach of warranty, rescission, and breach of fiduciary duty claims.

Despite its convoluted posture, this action essentially involves alleged breaches of contract, fraud in a number of particulars, including fraud in the inducement to enter the contract. Both parties have submitted voluminous evidence in support of and against the motions. See Filing Nos. 195, 198, 199, 200, 201, 202, 203, 204, 205, 212, 221, 231, Indices of Evid. Some evidence has been challenged on foundation and hearsay grounds. The court has reviewed the submissions of the parties and finds that the Buyer's motion should be granted and the Seller's motion should be denied. The parties are advised that the court is not inclined to submit this case to the jury on overlapping and repetitive theories of recovery. This case fundamentally has two theories of recovery, breach of contract and fraud.

I.      Facts

The parties agree that Nebraska law governs this dispute. The undisputed facts establish that on January 10, 2006, the parties entered into an agreement for the sale and purchase of a trailer business.[4]  The Buyer paid approximately 12 million dollars for the business.

The agreement contains a covenant not to compete as a condition precedent to the Buyer's obligations in connection with the purchase of the business. Filing No. 47, Amended Complaint, Ex. A at 25. The noncompete clause prohibits the Seller from

---

[4]The agreement is memorialized in an Asset Purchase Agreement, Escrow Agreement, Transition Services Agreement, and an Escrow Agreement. Filing No. 47, Amended Complaint, Exs. A - C.

engaging in "the business of manufacture, distribution or sale of dump trailers and/or accessories and parts related thereto (the 'Designated Industry')" for five years from the date of closing in the designated territory. *Id.* at 26-27. "Designated Territory" is defined as "North America, South America and any state in the United States of America or an applicable country where the Buyer is conducting the Business during the Designated Period." *Id.* at 27. It contains several exceptions and also provides for severability of any provisions found to be invalid without rendering its other provisions invalid. *Id.*

The Buyer has submitted affidavits of its investors and executives who state that the covenant not to compete was negotiated in order to protect the goodwill they had purchased from the Seller, from competition by the Seller. The Buyer has shown that through sales activity and dealer networks, it has customers and does business in 44 states, 5 Canadian provinces, 2 Canadian territories, and is actively working to develop business in Chile and Venezuela. Filing No. 195, Index of Evid., Ex. B, Affidavit of Robert E. McKinley. In opposition to the motion, the Seller has shown that the value attributed to the noncompete clause was only a small portion of the purchase price of the business and prior to closing the Seller did not do business outside the territory that included the continental United States, Alaska, and the Province of Alberta in Canada, other than the solicitation of one customer in Venezuela. Filing No. 221, Index of Evid., Third Declaration of Randall S. Golden at 1-2.

In its motion for summary judgment, the Seller presents several arguments aimed at specific alleged instances of misrepresentation and targeted at specific conduct alleged to have breached the agreement or warranties. The Seller argues that 19 "issues" should

4

be resolved in its favor, resulting in the dismissal of some or all of the Buyer's claims.[5]
Filing No. 196, Motion for Summary Judgment.

The Seller argues, inter alia, that certain of Golden's statements amount to puffing
that is not actionable as a matter of law.  It also argues that a "true-up" agreement and
payment of approximately $26,000.00 serve to bar any of the Buyer's claims based on
misrepresentations as to inventory.   The Seller contends that the Buyer's claim for
rescission is barred under the equitable doctrines of ratification, waiver, estoppel, laches,
and election of remedy because of the Buyer's actual knowledge of fraud claims before the
"true up" was negotiated and also argues that the Buyer has abandoned its rescission
claim.  The Seller has submitted voluminous deposition testimony in support of its position
and the Buyer has countered with deposition testimony and declarations showing that there
are issues of fact.

_____

[5]These issues are: (1) puffing - Seller's sales talk is not actionable; (2) accord
and satisfaction - the true up is an accord and satisfaction which bars all inventory
related claims; (3) ratification, waiver, estoppel, laches, election of remedy; (4) Section
5.13 adequacy of inventory representation and warranty; (5) no special damages; (6)
parol representation concerning 17 second cycle time and 42 degree dump angle; (7)
Section 5.8 conformity to law representation and warranty - paint booth; (8) failure of
condition precedent - paint booth; (9) Section 5.8 conformity to law representation and
warranty-under ride protection law; (10) failure of condition precedent - failure to give
pre-suit notice within survival period of under-ride protection law noncompliance; (11)
oral representation that new cylinder and valves would be ready for production in
January, 2006; (12) Section 5.16 representation and warranty concerning employee
compensation and employment agreements; (13) Golden's oral representation that
warranty expenses had been low; (14) Section 5.11 environmental representation and
warranty; (15) Golden's November 30, 2005, disclosure of pivot tube cracking and
resulting design change to Starkle; (16) contractual disclaimer bars 10(b)(5) securities
fraud claim; (17) Section 12.1 defeats Buyer's common law fraud and negligent
misrepresentation claims to the extent they are predicated upon extra contractual
statements; (18) limitation of remedy provision bars liability for negligent conduct; (19)
exculpatory charter provision bars fiduciary claims.  See Filing No. 214, Corrected Brief
at vii-viii (table of contents).

II.     Law

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. If the moving party meets the initial burden, the burden then shifts to the opposing party to produce evidence of the existence of a genuine issue for trial. *Id.* at 324.

"The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A "genuine" issue of material fact exists "when there is sufficient evidence favoring the party opposing the motion for a jury to return a verdict for that party." *Id. at* 251-52 (1986) (noting the inquiry is whether the evidence presents a sufficient disagreement to require submission

6

to a jury or whether it is so one-sided that one party must prevail as a matter of law).  If "reasonable minds could differ as to the import of the evidence," summary judgment should not be granted.  *Id.* at 251.

The evidence must be viewed in the light most favorable to the nonmoving party, giving the nonmoving party the benefit of all reasonable inferences.  *Kenney v. Swift Transp., Inc.*, 347 F.3d 1041, 1044 (8th Cir. 2003).  "In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations." *Id.*  "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Koehn v. Indian Hills Cmty. Coll.,* 371 F.3d 394, 396 (8th Cir. 2004).

Courts are generally more willing to uphold promises to refrain from competition made in connection with sales of good will than those made in connection with contracts of employment.  *Presto-X-Co. v. Beller*, 568 N.W.2d 235, 238 (Neb. 1997).  Nebraska recognizes "the legitimate need of one who purchases a business to reasonably protect himself against competition from the seller." *Id.*  While a covenant not to compete ancillary to the sale of a business may be utilized to make goodwill a transferable asset, the restraint contained in the covenant must be reasonable in both space and time so that it will be no greater than necessary to achieve its legitimate purpose.  *Id.* at 239.  What is a reasonable restraint depends largely upon the facts of the particular case.  *Id.* at 240.  A restriction of five years has been found reasonable, and there is a "plausible basis for restricting competition within the trade area actually served" by the Buyer.  *Id.*

In order to state a claim for fraudulent misrepresentation under Nebraska law, a

7

plaintiff must allege: (1) that a representation was made; (2) that the representation was false; (3) that when made, the representation was known to be false or made recklessly without knowledge of its truth and as a positive assertion; (4) that the representation was made with the intention that the plaintiff should rely on it; (5) that the plaintiff did so rely on it; and (6) that the plaintiff suffered damage as a result. *Brummels v. Tomasek*, 731 N.W.2d 585, 591 (Neb. 2007). To constitute fraud, a misrepresentation must be an assertion of fact, not merely an expression of opinion. *Ed Miller & Sons, Inc. v. Earl*, 502 N.W.2d 444, 452 (Neb. 1993) (involving a seller's statement of product's "first-class condition"). Hence, fraud cannot be predicated on mere "sales talk" or "puffing." *Id.*

The elements of fraud by concealment are:  (1) that the defendant concealed or suppressed a material fact; (2) that the defendant had knowledge of this material fact; (3) that this material fact was not within the reasonably diligent attention, observation, and judgment of the plaintiff; (4) that the defendant suppressed or concealed this fact with the intention that the plaintiff be misled; (5) that the plaintiff was reasonably so misled; and (6) that the plaintiff suffered damage as a result. *Wilson v. Misko*, 508 N.W.2d 238, 250 (Neb. 1993).

The parol evidence rule does not prevent reception or consideration of evidence to prove promissory fraud. *Abbott v. Abbott*, 195 N.W.2d 204, 208 (Neb. 1972). An essential element of actionable false representation is justifiable reliance on the representation. *Camfield v. Olsen*, 164 N.W.2d 431, 433 (Neb. 1969). A disclaimer clause is relevant to the issue of whether there was reliance on the representation disclaimed in the clause, but

8

is ineffective to preclude a trier of fact from considering whether or not fraud induced formation of the bargain. *Id.*

A party seeking rescission of a contract on the grounds of fraud, misrepresentation, or business coercion must do so promptly upon the discovery of the facts giving rise to the right to rescind. *Bauermeister v. McReynolds*, 571 N.W.2d 79, 89 (Neb. 1997). The purpose of rescission is to place the parties in a status quo, that is, return the parties to their position which existed before the rescinded contract. *Id.* at 88. A general measure of damages for fraud is compensation for loss occasioned by the fraud. *Camfield*, 164 N.W.2d at 433 (noting that compensation in many cases is the difference between value of property as represented and actual value).

III.   Analysis

A.   Buyer's motion - noncompete provision

The evidence shows that the noncompete clause was a negotiated term of the contract. It is limited in both time and geographical scope. Five years from the date of closing is a reasonable length of time in the circumstances of this case. The geographical limitation prohibiting the Seller from doing business in any state or country, within North and South America, in which the Buyer is doing business, is a reasonable geographic limitation. The Seller's showing that it did not do business in South America prior to the closing is without consequence because the clause is limited to places where the Buyer does business. In the context of this case, the clause does not appear to be an unreasonable restraint of trade. Accordingly, undisputed evidence shows as a matter of law that the noncompete provision is valid and enforceable on its face and the Seller's claim for a declaratory judgment of invalidity will be dismissed.

9

B.    Seller's motion

The court's review of the deposition testimony submitted in support of and against the Seller's motion shows that the are numerous issues of fact with respect to the nature and extent of the parties' knowledge, the reasonableness of reliance, the materiality of the information, and the intent of the parties.   Resolution of these issues will involve assessments of credibility.  There are disputes regarding the timing of parties' disclosures and the extent of their knowledge.  On this record, the court is unable to find as a matter of law that the Seller is entitled to summary judgment on the Buyer's claims for fraud in the inducement, intentional misrepresentation, or  concealment.

In the context of this case, the Seller's statements that arguably constitute "puffing," must be viewed in the context of the relationship of the parties and other statements and conduct.   A finding that the statements amounted to "puffing" as a matter of law is dependent on whether the statements were made with the intention that someone would rely on them, and whether that reliance was reasonable.  That determination requires assessments of credibility and involves weighing of the evidence.  Viewing the evidence in the light most favorable to the Buyer, the court finds there are genuine issues of material fact with respect to the existence, timing, extent and effect of the statements and undisclosed information.  Moreover, the Seller's arguments that the nonreliance clause bars the Buyer's action is without merit; a disclaimer is ineffective in the face of evidence that fraud induced the formation of the bargain.  The issues relating to the availability or propriety of equitable issues, defenses or remedies depend first on a finding of liability and must be resolved by the court after it has heard the evidence.  Accordingly, the court finds that the Seller's motion for summary judgment should be denied.

10

Because the court's decision does not rely on statements that lack foundation or are hearsay or on the declarations that the Seller has moved to strike, the motion to strike is moot.

_____ Accordingly,

IT IS ORDERED:

1.    Defendant/Counterclaimant's motion for partial summary judgment (Filing No. 193) is granted; the Plaintiff/Counterdefendant's claim for a declaratory judgment that the noncompete clause is invalid and unenforceable is dismissed;

2.    Plaintiff/Counterdefendant's motion for summary judgment (Filing No. 196) is denied;

3.    Plaintiff/Counterdefendant's motion for oral argument (Filing No. 197) is denied; and

4.    Defendant/Counterclaimant's objection and motion to strike the Second Declaration of Jennifer Thompson and all other declarations submitted by Plaintiffs (Filing No. 250) is denied as moot.

DATED this 29th day of January, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

_____

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.