IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RSG, Inc., A South Dakota Corporation, R GROUP, Inc., An Iowa Corporation, and RANDALL S. GOLDEN, An Individual,<br><br>        Plaintiffs/<br>        Counterdefendants,<br><br>    v.<br><br>SIDUMP'R TRAILER, Company, Inc., A Delaware Corporation,<br><br>        Defendant/<br>        Counterclaimant. | 8:06CV507<br><br>MEMORANDUM AND ORDER |

This matter is before the court on Plaintiff/Counterdefendant's (hereinafter, "Seller") Motion in Limine to exclude the testimony of Dr. Ernest Goss, Filing No. 218, and Defendant/Counterclaimant Sidump'r Trailer Company, Inc.'s (hereinafter, "Buyer") Motion in Limine, Filing No. 228.

    1.    Seller's Motion

In the Seller's motion in limine, the Seller seeks the exclusion of the expert testimony of Ernest Goss, Ph.D., under Fed. R. Evid. 702.  The Seller contends that the testimony of the expert witness is unreliable and inadmissible under *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993).  The Seller has engaged Dr. Jerry Sherman to review Dr. Goss's opinions and Dr. Sherman criticizes Dr. Goss's methodology and conclusions.  *See* Filing No. 219, Index of Evid., Attachments 2 & 3, Reports of Jerome Sherman dated November 19, 2008, and November 22, 2009.

The Buyer has shown that Dr. Goss has extensive experience, knowledge, education, skill and training in the area of economics. He holds a Ph.D. in Economics, and a Master's degree in quantitative methods and accounting. Filing No. 236, Index of Evid., Affidavit of Dr. Ernest Goss, ("Goss Aff.") at 1; Ex. B., Curriculum Vitae.  Dr. Goss provided calculations and opinions regarding valuation and damages.  Filing No. 219, Goss Expert Rep't dated August 29, 2008.  The Buyer has shown that Dr. Goss's methods are scientifically valid and are widely-used for business valuation.

Federal Rule of Evidence 702 governs the admissibility of expert testimony and requires that: "(1) the evidence must be based on scientific, technical or other specialized knowledge that is useful to the finder of fact in deciding the ultimate issue of fact; (2) the witness must have sufficient expertise to assist the trier of fact; and (3) the evidence must be reliable or trustworthy." *Kudabeck v. Kroger Co.*, 338 F.3d 856, 859 (8th Cir. 2003). Expert testimony assists the trier of fact when it provides information beyond the common knowledge of the trier of fact. *Id.* at 860.

When faced with a proffer of expert testimony, trial judges are charged with the "gatekeeping" responsibility of ensuring that all expert evidence admitted is both relevant and reliable. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999); *Daubert*, 509 U.S. at 589 (1993); *United States v. Wintermute*, 443 F.3d 993, 1000 (8th Cir. 2006).  A trial court must be given wide latitude in determining whether an expert's testimony is reliable.  *See Kumho Tire*, 526 U.S. at 152.  This analysis requires that the court make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology . . . can be [properly] applied to the facts in issue." *Daubert*, 509 U.S. at 592-93.  The court may consider several

2

factors in determining the soundness of the scientific methodology including: (1) whether the theory or technique can be and has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error and the existence and maintenance of standards controlling the technique; and (4) whether the theory or technique used has been generally accepted in the relevant scientific community.  *Id.* at 593-594.  Courts must focus on the principles and methodology rather than the conclusion they generate.  *Id.* at 595.

"Nothing in Rule 702, *Daubert*, or its progeny requires 'that an expert resolve an ultimate issue of fact to a scientific absolute in order to be admissible.'"  *Kudabeck*, 338 F.3d at 861 (quoting *Bonner v. ISP Techs., Inc.*, 259 F.3d 924, 929 (8th Cir. 2001).  Rather, the proponent of expert testimony bears the burden of providing admissibility beyond a preponderance of the evidence.  *Lauzon v. Senco Prods.*, 270 F.3d 681, 686 (8th Cir. 2001).  The expert's assurances that he has utilized generally accepted scientific methodology is insufficient to establish admissibility.  *Daubert v. Merrell-Dow Pharms., Inc.*, 43 F.3d 1311, 1315-16 (9th Cir. 1995) (on remand).  The United States Court of Appeals for the Eighth Circuit adheres to the rule that when the application of a scientific methodology is challenged as unreliable under *Daubert* and the methodology itself is otherwise sufficiently reliable, outright exclusion of the evidence is "warranted only if the methodology 'was so altered by a deficient application as to skew the methodology itself.'" *United States v. Gipson*, 383 F.3d 689, 697 (8th Cir. 2004) (brackets omitted) (quoting *United States v. Martinez*, 3 F.3d 1191, 1198 (8th Cir. 1993)).  An expert's opinions are open to any challenge a party desires to mount on cross-examination, the sufficiency of the

3

factual basis for a theory is not a reason to exclude the testimony altogether. *United States v. Dico, Inc.*, 266 F.3d 864, 871 (8th Cir. 2001).

At this time, it appears that the Seller's *Daubert* objections go more to the weight than to the admissibility of the expert's testimony, subject to a proper showing of foundation and reliability. *See, e.g., Kudabeck*, 338 F.3d at 862-63 (admitting testimony of a chiropractor). The Seller has not shown that the expert cannot offer testimony that would be helpful to the jury within his field of expertise. "'Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" *Id.* at 862 (quoting *Daubert*, 509 U.S. at 596). The Buyer's showing establishes that the expert is qualified to testify to the opinions contained in his report and the opinion satisfies *Daubert's* reliability requirements. The sufficiency of the opinions and the weight to be accorded them are matters for the jury to determine. The court will properly limit the expert's testimony to matters that would be helpful to the jury and are within the expert's area of expertise.

      2.      Buyer's Motion

The Buyer moves for an order in limine prohibiting testimony or evidence "regarding information that is subject to attorney-client or work product privilege," specifically any suggestion that Jennifer Thompson's employment separation agreement with the Buyer was an attempt to influence her testimony; as well as the testimony or opinions of designated experts Don Anderson and Mark Taylor. Filing No. 228, Motion. The Buyer contends that a "clawback" agreement governs the inadvertent disclosure of attorney-client and work-product materials. With respect to expert reports, the Buyer argues that it was provided only with an expert report by Mark Taylor labeled "draft," without information that the report

4

was to be treated as a final expert report, and that the expert report of Don Anderson does not comply with the requirements of the Federal Rules.

In response, the Seller argues that the motion with respect to attorney-client and work-product materials is vague and indefinite, that the evidence with respect to Jennifer Thompson may be relevant to matters at issue at trial, including bias, and contends that the expert report of Mark Taylor was served on the Buyer's prior counsel, on November 17, 2008, and that no objection was made until this motion. The Seller also argues that the expert report of Don Anderson substantially complies with the rules. See Filing No. 243, Index of Evid., Ex. 1, Expert report of Mark Taylor, Ph. D.; Ex. 2, Expert Report of Donald Anderson.

A motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings and performing a gatekeeping function and sharpening the focus for later trial proceedings. *Jonasson v. Lutheran Child and Family Servs.,* 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine is appropriate for "evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissable for any purpose." *Id.* Some evidentiary submissions, however, cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment. *Id.* In many instances, it is necessary to defer ruling until trial, when the trial judge can better estimate the impact of the evidence on the jury. *Id.* To the extent that a party challenges the probative value of the evidence, an attack upon the probative sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve. *United States v. Beasley,* 102 F.3d 1440, 1451 (8th Cir. 1996).

The court is unable to evaluate the relevance of the challenged evidence in the context of a pretrial motion. The Buyer's concerns may warrant a cautionary or limiting instruction, but the court cannot determine the ambit of such an instruction at this time. The court will admit the evidence at issue only on a showing that it is relevant to the issues in the case, and only to the extent that the relevance of the evidence outweighs its potential to cause prejudice or confusion under Fed. R. Evid. 403. The court finds the motion can be adequately resolved at trial, either in a hearing immediately prior to commencement of the trial, as an objection with a sidebar, or with a review of the evidence outside the presence of the jury. Accordingly, the court finds that the Buyer's motion in limine should be overruled at this time, without prejudice, to its reassertion via timely objection to the admissibility of such evidence at trial.

Accordingly,

IT IS ORDERED:

1. Plaintiff/Counterdefendant's Motion in Limine to exclude the testimony of Dr. Ernest Goss (Filing No. 218) is denied.

2. Defendant/Counterclaimant's Motion in Limine (Filing No. 228) is denied without prejudice to reassertion at trial.

DATED this 31st day of January, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge