IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RSG, Inc., A South Dakota Corporation, R GROUP, Inc., An Iowa Corporation, and RANDALL S. GOLDEN, An Individual,<br><br>　　　　　Plaintiffs/<br>　　　　　Counterdefendants,<br><br>　　v.<br><br>SIDUMP'R TRAILER, Company, Inc., A Delaware Corporation,<br><br>　　　　　Defendant/<br>　　　　　Counterclaimant. | 8:06CV507<br><br>MEMORANDUM AND ORDER |

This matter is before the court on Plaintiffs/Counterdefendants' motions for leave to file amended declarations, Filing No. 255, and to certify questions to the Nebraska Supreme Court, Filing No. 257.[1]

Nebraska law applies in this diversity case. *See Myers v. Lutsen Mountains Corp.*, 587 F.3d 891, 894 (8th Cir. 2009). With respect to questions state courts have not squarely addressed, the federal court must determine what decision the state court would make if faced with the same facts and issue. *Id.* at 896. "The federal court should consider relevant state court decisions, 'analogous decisions, considered dicta, . . . and any other reliable data." *Id.* (quoting *Ventura v. Titan Sports, Inc.*, 65 F.3d 725, 729 (8th Cir.1995)).

---

[1]A motion to strike also remains pending, Filing No. 246. Defendant/Counter claimant Sidump'r Trailer Co., Inc. asks the court to strike the plaintiffs /counter defendants' reply brief and index because they were filed 24 hours late. The motion has been rendered moot by resolution of the motions for summary judgment and will be denied.

The question of certification is committed to the sound discretion of the district court. Allstate Ins. Co. v. Steele, 74 F.3d 878, 881-82 (8th Cir. 1996). Absent a "close" question and lack of state sources enabling a nonconjectural determination, a federal court should not avoid its responsibility to determine all issues before it. Hatfield v. Bishop Clarkson Memorial Hospital, 679 F.2d 1258, 1261 n. 4 (8th Cir.1982) (noting that the probable delay caused by the certification process would outweigh any benefit the state court's response could provide); *see also* 4 Charles Alan Wright & Arthur R. Miller, Fed. Practice & Procedure § 4248 (3d ed. 2007) (certification inappropriate if court can reach "a principled rather than conjectural conclusion").  Courts are especially hesitant to overrule the district court's decision denying certification where the party seeking certification is the same party that sought federal jurisdiction in the first place and, by extension, federal interpretation of state law. *See, e.g.,* Smith v. FCX, Inc., 744 F.2d 1378, 1379 (4th Cir. 1984) (suggesting that it was inappropriate for party to request certification of issue to state supreme court where that party "sought and received a federal court's interpretation of state law").

The moving party urges the court to certify the question whether Nebraska would enforce a no-reliance clause to bar claims for fraudulent misrepresentation in cases involving arms-length transactions among sophisticated parties who are represented by counsel as a matter of law. This court finds Nebraska would follow its established precedents which hold that in a fraud action, such a clause is relevant to the issue of reliance and that whether reliance is reasonable is generally a question of fact. *See* Gibb v. Citicorp Mortg., Inc., 518 N.W.2d 910, 918 (Neb. 1994); *see also* Streeks, Inc. v. Diamond Hills Farms, Inc., 605 N.W.2d 110, 120-21 (Neb. 2000) (holding that in a negligent misrepresentation action, the question of whether a legal duty exists is a question

of law, but breach of that duty is a question of fact for the jury and that "a party to a business transaction has a duty to disclose facts basic to the transaction when the other party would reasonably expect a disclosure").  Accordingly, the court finds the party's motion to certify should be denied.

The motion for leave to file amended declarations has been rendered moot by the court's disposition of motions for summary judgment and to strike.  *See* Filing No. 258.

IT IS ORDERED:

1. Plaintiffs/Counterdefendants' motion for leave to file amended declarations, (Filing No. 255) is denied as moot.

2. Plaintiffs/Counterdefendants' motion to certify questions to the Nebraska Supreme Court (Filing No. 257) is denied.

3. Defendant/countercalimant's motion to strike (Filing No. 246) is denied.

DATED this 1st day of February, 2010.

BY THE COURT:

Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.